# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARI THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:04CV189-FG3 |
| vs. | ) | |
| | ) | ORDER |
| ADAM KYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| SHARI THOMPSON and, | ) | |
| BILLY THOMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CV136-LSC-FG3 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ADAM KYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Now pending before the court are the plaintiffs' motions to consolidate these cases pursuant to Fed. R. Civ. P. 42. Although consolidation may ultimately be appropriate in this instance, I believe plaintiffs' motions for consolidation have been filed prematurely.

Case No. 8:04CV189 was filed *pro se* by Shari Thompson, who consented to trial before the magistrate judge. The case was progressed on October 19, 2004. Counsel entered an appearance on behalf of Ms. Thompson on March 19, 2005 and was given until April 5, 2005 to request any changes in the progression order.

Case No. 8:05CV136 was filed by counsel on March 28, 2005. The case was assigned to District Judge Laurie Smith Camp for disposition and to the undersigned for full pretrial supervision. As of April 26, 2005, the defendants have not been served. Consequently, the parties cannot unanimously consent to trial before the magistrate judge pursuant to 28 U.S.C. § 626.

Plaintiffs' motions for consolidation were timely filed on April 4, 2005. Assuming that plaintiffs want both cases to be on my consent docket, it appears that a final judicial assignment cannot be determined in Case No. 8:05CV136 until after the defendants are

served, enter an appearance, and consent to trial before the undersigned. In the alternative, if the defendants in Case No. 8:05CV136 do not consent to trial before the undersigned, the plaintiff may withdraw consent in 8:04CV189 and the two cases can be reassigned to the same district judge and consolidated for trial.

In any event, the cases cannot be consolidated at this time. I shall, therefore, adopt plaintiffs' alternative motion to amend the scheduling order in Case No. 8:04CV189 in that all deadlines set in 8:04CV189 will be suspended pending appearances for the defendants in 8:05CV136. At that time, all parties will be advised of their option to consent to trial before the magistrate judge, and will be directed to meet and confer pursuant to Fed. R. Civ. P. 26(f) and submit their planning report to the court.

**IT IS ORDERED** that plaintiffs' motions for consolidation or to amend the scheduling order are granted in part, and denied in part, as follows:

1. The motion for consolidation is denied without prejudice to reassertion after service is effected in Case No. 8:05CV136 and final judicial assignments are determined.

2. The motion to amend the scheduling order in Case No. 8:04CV189 is granted. All progression order deadlines established in the ORDER SETTING SCHEDULE FOR PROGRESSION OF A CIVIL CASE [17] are suspended pending appearances for the defendants in 8:05CV136. The case will be reprogressed by further order of the court.

**DATED April 27, 2005.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**